IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


JAMES DION PALMER,

                       Petitioner,

     vs.


ALASKA GOVERNOR, *et al.*,

                 Respondents.

No. 4:20-cv-00029-JKS

ORDER OF DISMISSAL


On July 28, 2020, James Dion Palmer filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Palmer does not list the criminal docket or case number that he seeks to challenge, but states that he is subject to a judgment of conviction entered on July 23, 2020, for failure to register as a sex offender. *Id.* at 1. Although he lists the Alaska Fairbanks Jail as his place of confinement, the return address of his filing is a correctional facility in Virginia, and the Offender Locator database of the Virginia Department of Corrections, https://vadoc.virginia.gov/general-public/offender-locator/, Offender I.D.# 1136645, reflects that Palmer is in the custody of the Virginia Department of Corrections and incarcerated at the Greensville Correctional Center in Jarratt, Virginia, with a projected release date of August 13, 2020.[1]

---

[1]      When Palmer filed his initial habeas petition in this Court, discussed *infra*, the Offender Locator Database indicated that Palmer's projected release date was July 23, 2020.

-1-

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the instant Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4. If so, "the judge must dismiss the petition." *Id.* A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

The Court has reviewed the Petition and determined that it cannot proceed as filed. Accordingly, as discussed below, the Court will dismiss the petition.

## A.      The Petition Does Not Identify an Alaska Conviction

28 U.S.C. § 2254 allows prisoners being held under state court judgments to challenge those judgments once they have been finalized. 28 U.S.C. § 2254(a) (stating that petitions will be entertained from "a person in custody pursuant to the judgment of a state court . . . ."). For the Court to exercise jurisdiction in a § 2254 petition, the petitioner must be "in custody" under the sentence or conviction he is challenging in his petition. *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

As noted above, Palmer is currently in the custody of the Virginia Department of Corrections. The court takes judicial notice[2] that Palmer previously challenged a conviction in Virginia state court by way of filing a § 2254 petition in the Eastern District of Virginia. *See Palmer v. Johnson*, Case No. 1:02-cv-01762-CMH (E.D. Va.). The Fourth Circuit Court of Appeals affirmed the dismissal of that petition. *Palmer v. Johnson*, No. 03-7178, 82 F. App'x 854 (4th Cir. 2003). A review of the Virginia Judiciary's Online Case Information System 2.0,

_____

Case No. 3:20-cv-00138-JKS, Docket No. 3 at 1. It appears that Palmer is referring to his already-passed projected release date as the "date of conviction." *See* Docket No. 1 at 1.

[2]      Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *see also* FED. R. EVID. 201.

https://eapps.courts.state.va.us/ocis/search, shows that Palmer has been the subject of numerous charges in the Norfolk Circuit Court in Virginia for failure to register as a sex offender.

The Court also takes judicial notice of its own docket and notes that Palmer previously filed in this Court a substantially similar petition that was dismissed for failure to identify an Alaska conviction after Palmer was given an opportunity to amend the petition and correct the deficiency.[3] *Palmer v. Governor of Alaska, et al.*, No. 3:20-cv-00138-JKS.  In its dismissal order, the Court advised Palmer that, to the extent he attempts to use this forum to challenge his Virginia conviction and custody, a § 2254 must be brought in the state with actual custody over the petitioner.  *Marks v. Rees*, 715 F.2d 372, 374 (7th Cir. 1983); *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) (holding the same in the context of habeas petitions brought by federal prisoners under 28 U.S.C. § 2241).  Palmer has again filed a petition in this Court that does not allege any connection to Alaska and states facts referring only to his Virginia conviction.

**B.      The Petition Must Be Dismissed for Lack of Jurisdiction**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

---

[3]      In response, Palmer filed a Notice to the Court again challenging his conviction in the Virginia state courts and providing no facts establishing that he is in custody on a conviction in Alaska, that he has ever been convicted in a court of this State, or that he has any connection to Alaska at all.  Case No. 3:20-cv-00138-JKS, Docket No. 4.

underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. *Babbitt v. Woodford*, 177 F.3d 744, 745 (9th Cir. 1999).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting *Libby v. Magnusson*, 177 F.3d 43, 46 (1st Cir. 1999)).

As noted above, Palmer recently filed a substantially similar habeas petition in this Court. *Palmer v. Governor of Alaska, et al.*, No. 3:20-cv-00138-JKS. Although that petition was initially dismissed with leave to amend to establish an Alaska conviction, *id.* at Docket No. 3, it

-4-

was subsequently dismissed as incurable after Palmer was unable to demonstrate that he was subject to an Alaska conviction or that he had *any* connection to this state, *id.* at 5, 6. Palmer now challenges through the Fairbanks courthouse of this Court the same Virginia state court judgment that was at issue in his habeas petition that was filed through the Anchorage courthouse. Under AEDPA, Palmer was required to obtain an order from the Ninth Circuit Court of Appeals authorizing the Court to consider his claims prior to filing this case. Because he did not do so, this Court is without jurisdiction to entertain the instant Petition. *Burton*, 549 U.S. at 153; *see also* 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court finds that the Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction.

Generally, an unauthorized second or successive petition is dismissed without prejudice and with leave to re-file in the event the petitioner obtains authorization from the Ninth Circuit Court of Appeals. Here, however, there is a readily-apparent and non-rectifiable defect that would render any further pursuit by Palmer in this Court, or indeed this Circuit, futile and inappropriate. Accordingly, the dismissal of this action with prejudice is required.

As noted above, the records of the U.S. federal courts indicates that Palmer previously challenged a conviction in Virginia state court by way of filing a § 2254 petition in the Eastern District of Virginia. *See Palmer v. Johnson*, Case No. 1:02-cv-01762-CMH (E.D. Va.). The Fourth Circuit Court of Appeals affirmed the dismissal of that petition. *Palmer v. Johnson*, No. 03-7178, 82 F. App'x 854 (4th Cir. 2003). In the instant Petition, Palmer again challenges that conviction by averring that there was "no sexual penetration and no ejaculation" such that the evidence was legally insufficient to sustain his rape conviction. Docket No. 1 at 7. To the extent he wishes to raise new challenges as to that Virginia rape conviction that he did not assert in his 2002 petition in the Eastern District of Virginia, he must obtain from the Fourth Circuit Court of Appeals authorization to file a second or successive § 2254 petition in the Eastern District of Virginia. Filing additional petitions in Alaska or the Ninth Circuit Court of Appeals would be futile and inappropriate.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* Fed. R. App. P. 22(b); 9th Cir. R. 22-1.

Dated at Anchorage, Alaska this 14th day of August, 2020.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

-6-